IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1272 T

(Judge Braden)

---

LINDA ROSENBERG,

Plaintiff

v.

UNITED STATES,

Defendant

---

# MOTION TO DISMISS

---

Pursuant to RCFC 12(b)(1) and (6) the defendant moves this Court for an order dismissing the claims set forth in the complaint in the above-captioned case because the complaint fails to state a cause of action with respect to the claims in Counts I, II, and III, and this Court lacks jurisdiction over the claim in Count IV of the complaint. In support of this motion the defendant submits the following memorandum.

The complaint is styled as a "class action complaint." The plaintiff alleges that her claims are representative of the claims of the potential class members and that she is a proper representative of the class. (Comp. ¶ 62, 65.) The potential class members are those individuals and businesses who paid the telephone excise tax provided in 26 U.S.C. § 4251 on long distance

services they received.[1] (Comp. ¶ 61, 62.) Although the complaint alleges that the potential class consists of millions of individuals and businesses, only the named plaintiff is identified. (Comp. ¶ 61.) The complaint seeks a refund of the excise tax collected pursuant to § 4251 and recovery of unspecified damages. (Comp. ¶ 86, 91, 96, 103.) The complaints specifies that neither the plaintiff, nor any potential class member, has filed a claim for refund with the Internal Revenue Service seeking refund of any portion of the excise tax those individuals might have paid. (Comp. ¶ 102.) This motion addresses whether Counts I, II, and III set forth claims upon which relief may be granted and whether the Court has jurisdiction over the claim set forth in Count IV of the complaint. This motion does not address the question of the proper scope and application of the telecommunications excise tax provided in § 4251.

"In general, this Court has jurisdiction to adjudicate a tax dispute only in the form of a tax refund action, where the taxpayer has fully paid the disputed tax and submitted a claim for refund to the IRS." *Skillo v. United States*, 68 Fed.Cl. 734, 740 (2005); *see also*, *Shore v. United States*, 9 F.3d 1524, 1526 (Fed.Cir. 1993). The complaint expressly provides that plaintiff and the purported class are seeking refunds, but that "no claims for refund have been filed." (Comp. ¶ 102.) Therefore, this Court lacks jurisdiction to consider the tax dispute raised in the complaint.

Count I of the complaint alleges that the plaintiff and the purported class are entitled to recover damages, because the IRS collection of the excise tax constituted a "takings" under the

---

[1]There are two other cases pending in this court in which the parties allege they represent the same class as identified in the complaint in the above-captioned case. These cases are *Reginald A. Krasney, et. al. v. United States*, Fed.Cl. No. 06-105 T and *Radioshack Corporation, et. al. v. United States*, Fed.Cl. No. 06-28 T.

Fifth Amendment of the United States Constitution. (Comp. ¶ 81, 86.) The basis for the claim set forth in Court I is the allegation that the classification of services subject to the excise tax was "arbitrary and capricious," and, therefore, the collection of the tax was without authority and constituted a "confiscation of property." (Comp. ¶ 83, 84.) The "property" involved in this case would be the money paid for that portion of the long distance telephone bills related to the tax provided in § 4251.

The complaint fails to state a cause of action for a takings pursuant to the Fifth Amendment. "Taxes do indeed 'take' income, but this is not the sense in which the Constitution used "takings." *Kerrigan v. United States*, 1997 WL 685275, at 6 (Fed.Cl. 1997). Actions by the IRS to collect internal revenue taxes do not constitute a Fifth Amendment taking. *First Atlas Funding Corp. v. United States*, 23 Cl.Ct. 137, 141 (1991), *aff'd*, 954 F.2d 733 (Fed.Cir. 1992); *Sanders v. United States*, 34 Fed.Cl. 38, 49 (1995); *Skillo*, 68 Fed.Cl. at 743. Further, a takings claim only results from authorized acts of the Government; the issue in a takings case is the compensation due as a result of the authorized act. "The claimant must concede the validity of the government action which is the basis of the taking claim in order to bring suit under the Tucker Act, 28 U.S.C. § 1491." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802-3 (Fed.Cir. 1993); *see also*, *Brown v. United States*, 35 Fed.Cl. 258, 266 (1996), *aff'd*, 105 F.3d 621 (Fed.Cir. 1997); *Earnest v. United States*, 33 Fed.Cl. 341, 344 (1995). Since the complaint alleges that the IRS' collection of the excise taxes in issue was not valid, it fails to set forth a cause of action based on a Fifth Amendment taking. (Comp. ¶ 83, 84.)

The complaint alleges damages based on the improper actions of the IRS in collecting the excise tax in § 4251, which actions are claimed to be arbitrary and capricious. (Comp. ¶ 83.) It

is well established that this Court lacks jurisdiction to review claims based on the allegedly improper or unlawful actions by the IRS in connection with the assessment or collection an internal revenue tax. *Rogers v. United States*, 2002 WL 850053, at 3 (Fed.Cl. 2002), *aff'd*, 91 A.F.T.R. 2d 2003-1071 (Fed.Cir. 2003); *Skillo*, 68 Fed.Cl. at 740; *Parsons es rel. Linmar Prop. Mgmt. Trust v. United States*, 65 Fed.Cl. 638, 641 (2005); *Hunsaker v United States*, 66 Fed.Cl. 129, 132-33 (2005).

Count II of the complaint alleges that the plaintiff and the purported class are entitled to recover damages, because § 4251 violated the uniformity clause of the United States Constitution, Article I, § 8, clause 1. (Comp. ¶ 90, 91.) The complaint alleges that the tax is collected in a manner that is "not uniform throughout the United States." (Comp. ¶ 90.) The expressed basis for this claim is the recent decision of the United States Court of Appeals for the Eleventh Circuit in *American Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005), which held that the § 4251 excise tax did not apply to certain long distance telephone services.[2] (Comp. ¶ 33.) The complaint argues that because of the *American Bankers* decision, residents in states within the Eleventh Circuit will not have to pay the excise tax, while residents in other states will have to pay that tax. (Comp. ¶ 56.) However, the complaint acknowledges that the IRS is continuing to require collection of the excise tax from individuals in the states

---

[2]The complaint also refers to the split decision of the Sixth Circuit in *OfficeMax Inc. v. United States*, 2005 WL 2861031 (6th Cir. 2005). (Comp, ¶ 53, 54.) However, the Government has filed a petition for rehearing in the *OfficeMax* case, which has not yet been ruled on. Therefore, the decision of the Sixth Circuit in *OfficeMax* is not final at this time. The Government also has appeals pending in the Second, Third, Ninth and Federal circuits. The complaint confirms that the IRS did not acquiese in the Eleventh Circuit's *American Bankers* decision and that the Government is currently pursuing appeals of that same issue in five other circuit courts. (Comp. ¶ 36, 37, 38.)

within the Eleventh Circuit; thus, there is no differential application of the tax.[3] (Comp. ¶ 40.) In any event, following the differing legal conclusions of different courts of appeal cannot be a violation of the uniformity clause.

The uniformity clause, Article I, § 8, clause 1, governs the power of Congress to impose taxes.

> The Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform through the United States.

That clause of the constitution "conditions Congress' power to impose indirect taxes." *United States v. Ptasynski*, 462 U.S. 74, 80 (1983). The uniformity clause addresses the actions of Congress in passing a taxing statute, not the actions of the IRS in administering that statute. *Fernandez v Weiner*, 326 U.S. 340, 360 (1945). "The uniformity in excise taxes exacted by the Constitution is geographical uniformity, not uniformity of intrinsic equality or operation." *Fernandez*, 326 U.S. at 358. The uniformity clause "was not intended to assure the equality of tax burden upon individual taxpayers of similar class." *Miniature Vehicle Leasing Corp. v. United States*, 266 F.Supp. 697, 700 (D. N.J. 1967). The uniformity clause does not apply to differences in the application or operation of the tax. *Augusta Towing Co., Inc. v. United States*, 5 Cl.Ct. 160, 166 (1984). The statute in question in this case, § 4251, draws no distinction and applies to anyone who uses long distance service. The complaint does not allege that the language of § 4251 calls for differential treatment of persons subject to that tax. Therefore, the uniformity clause does not apply in this case.

[3]The excise tax is imposed on the users of the telephone services. 26 U.S.C. § 4251. The tax is collected by the provider of the telephone services, as part of the bill for those services, and is remitted to the IRS.

The difference in the application of a tax because of the varying laws of particular states is not a violation of the constitutional requirement of uniformity. *Grain Belt Transportation Co. v. United States*, 465 F.2d 1202, 1205 (10th Cir. 1972); *Heitsch v. Kavanaugh*, 200 F.2d 178, 180 (6th Cir. 1952), *cert denied*, 345 U.S. 939 (1953); *Renick v. United States*, 687 F.2d 371, 375 (Fed.Cir. 1982); *Augusta Towing*. "The Constitution does not command that a tax 'have an equal effect in each state." *Fernandez*, 326 U.S. at 188. Therefore, any unequal application of § 4251 resulting from the Eleventh Circuit's *American Bankers* decision would not constitute a violation of the uniformity clause. Count II of the complaint fails to set forth a cause of action on which relief may be granted.

Count III of the complaint claims that the plaintiff and the purported class are entitled to recover damages because of a breach of an alleged informal contract with the IRS. (Comp. ¶ 95, 96.) The complaint alleges that the IRS has an informal contract with the plaintiff and the class to follow Court decisions and not collect excise taxes in violation of those decisions. (Comp. ¶ 95.) The complaint alleges an informal contract implied at law. (Comp. ¶ 95.) However, this Court has no jurisdiction over contracts implied at law. *Girling Health Systems, Inc. v. United States*, 949 F.2d 1145, 1146-7 (Fed.Cir. 1991), *cert. denied*, 503 U.S. 940 (1992); *Skillo*, 68 Fed.Cl. at 742.

To establish the existence of an implied in fact contract, the complaint "must state sufficient facts to evidence: 'mutual intent to contract, including an offer and acceptance, consideration, and a Government representative who has actual authority to bind the Government.'" *Hunsaker*, 66 Fed.Cl. at 133; *see* also, *Trauma Service Group v. United States*, 104 F.3d 1321, 1326 (Fed.Cl. 1997); *Skillo*; *Girling*. The complaint does not contain any

allegations regarding a mutual intent to contract, consideration, or an authorized government representative. Therefore, Count III of the complaint fails to set forth a cause of action on which relief may be granted.

Count IV of the complaint asserts a claim for a refund of the excise taxes paid by the plaintiff and the purported class members. The complaint concedes that neither the plaintiff, nor any purported class member, has filed a claim for refund with the Internal Revenue Service. (Comp. ¶ 102.) The complaint nevertheless argues that the IRS, in Notice 2005-79, 2005 WL 2671273, waived the requirement in § 7422 that a refund claim must be filed before suit to recover a refund can proceed in this court.

This claim cannot entitle plaintiff to relief. The Notice does not contain any waiver. On the contrary, the Notice expressly provides that taxpayers who want to contest the IRS position, and recover a refund of § 4251 excise tax paid, "should file a claim for refund." 2005 WL 2671273. In any event, the IRS cannot waive the jurisdictional requirements for proceeding in this Court. *INS. Corp. of IR. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982); *Riggle v. U.S.*, 95 A.F.T.R.2d 2005-2183 (Fed.Cir. 2005). Since no claim for refund has been filed, this Court lacks jurisdiction over the claim for refund set forth in Count IV of the complaint. *Skillo*; *Hunsaker*; *Parsons*; *Rogers*; *Sanders*.

WHEREFOR, the defendant submits that the claims set forth in Counts I, II, and III the complaint in the above-captioned case be dismissed with prejudice and the claim set forth in

Count IV of the complaint be dismissed without prejudice.

Respectfully submitted,

s/ Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

February 17, 2006