**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**No. 05-1272-T**
**Judge Susan G. Braden**

*********************************************
LINDA ROSENBERG, et al. *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES *
*
Defendant. *
*
*********************************************

MOTION TO TAKE NOTICE OF CERTAIN FACTS REGARDING EXCISE TAX REFUND LITIGATION AND THE INTERNAL REVENUE SERVICE'S SETTLEMENTS OF REFUND CLAIMS

The law firm of Levine, Blaszak, Block & Boothby, LLP ("LB3") asks this Court to take notice of certain facts regarding pending and completed excise tax refund lawsuits, recent statements by the Secretary of the Treasury, and the prospects for the Internal Revenue Service's ("IRS's") acquiescence in the outcome of those cases and institution of a comprehensive excise tax settlement policy that would effectively moot this action.

Since 2001, LB3 has been filing communications excise tax refund claims on behalf of corporate users, responding to IRS audits of those claims, settling claims administratively with the IRS, and litigating its clients' entitlement to refunds of excise taxes collected on non-distance sensitive long distance calls. LB3 brought six of first seven excise tax refund cases in federal district court and the Court of Claims, and has litigated these cases through the courts of appeals. See American Bankers Ins. Group, Inc. v. United States, 408 F.3d 1328 (11th

Cir. 2005), rev'g, 308 F. Supp. 2d 1360 (S.D. Fla. 2004); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005), aff'g, 309 F. Supp. 2d 984 (N.D. Ohio 2004); Fortis, Inc. v. United States, 2004 U.S. Dist. LEXIS 18686 (S.D.N.Y. Sept. 16, 2004); Reese Bros. Inc. v. United States, 2004 U.S. Dist. LEXIS 27507 (W.D. Pa. Oct. 20, 2004); Honeywell Int'l, Inc. v. United States, 64 Fed. Cl. 188 (2005). In addition to successfully litigating ABIG and OfficeMax to judgment in the Eleventh and Sixth Circuits, respectively, the firm argued the Government's appeals of Reese Bros. in the Third Circuit on January 27, 2006, Fortis in the Second Circuit on March 22, 2006, and Honeywell in the Federal Circuit on April 4, 2006.

In February 15, 2006 testimony before the House Ways and Means Committee, Treasury Secretary Snow indicated that the IRS would acquiesce in the outcome of the litigation if it lost one more case in the courts of appeals, apparently including a petition for rehearing en banc filed by the IRS before the Sixth Circuit in OfficeMax.[1] If our clients prevail in any one of Reese Bros., Fortis, Honeywell, or OfficeMax, we therefore anticipate that the IRS will concede liability and implement a global settlement policy under which it will issue refunds of 100 percent of the tax paid (plus interest) on all examined and "suspended" claims, and continue to examine and pay refunds on new claims as they are filed.

In order to award a class member damages—whether based on a judgment or a settlement—the Court (with the IRS's cooperation) will have to establish a

---

[1] President's Fiscal Year 2007 Budget with U.S. Department of the Treasury Secretary John Snow: Hearing Before The Committee On Ways And Means U.S. House Of Representatives, 109th Cong. (2006) (response to question of Rep. Ramstad). http://waysandmeans.house.gov/hearings.asp?formmode=view&id=4784

mechanism to individually review each claim and determine the refund due each class member. In fact, the IRS has already implemented such a process for pending claims, pursuant to which it examines them and verifies the amount of tax remitted and the refund due.[2]

In short, the class action suits involving people or entities that have already filed refund claims with the IRS will likely be mooted in the near future—the Government will concede liability (or the Federal Circuit will affirm the two Court of Federal Claims decisions in favor of the taxpayer on the core legal issue), and the existing program for verifying claims will be broadened to encompass the examination and confirmation of filed claims. It is difficult to fathom how it would be in the interest of those who have filed claims to allow a class action to go forward that would resolve no unresolved legal issue, duplicate an established administrative program, and unnecessarily consume substantial judicial resources.

There would be value in a class action seeking relief for taxpayers whose refund claims are too small to be pursued administratively, including residential telephone subscribers and small businesses.[3] Assuming that potential barriers

---

[2] Prior to approximately one year ago, the IRS was offering settlements to these taxpayers after auditing the claims. In the early years these settlements were approximately 35 percent of the taxes remitted, plus interest. After the first reported district court decisions in the taxpayers' favor the settlement offers grew to 65 percent, and reached 100 percent (plus interest) when taxpayer victories were upheld by the courts of appeals. Last year, however, the IRS suspended settlements, apparently awaiting more appellate decisions. In the meanwhile, the IRS continues to audit and verify refund claims and put them in "suspense."

[3] Based on a three year statute of limitations, the initial refund claim of a taxpayer who spends $40/month on long distance service would be 3 years * 12 months * $40 * 0.03 = $43.20. In order to pursue this claim before the IRS, the taxpayer would be required to file 12 IRS Forms 8849 (one for each taxable quarter), and substantiate his claim by producing 36 months of telephone bills demonstrating how much tax was remitted, 36 months of cancelled checks indicating that the tax was paid, and a copy of his contract with his communications carrier.

to the Court's subject matter jurisdiction can be surmounted, see 26 U.S.C. § 6532(a)(1), the public interest would be served by certifying a class of taxpayers that have not filed refund claims with the IRS, but have nevertheless been subject to this misapplied excise tax.

Respectfully submitted,

s/ Stephen J. Rosen

Henry D. Levine
Stephen J. Rosen

Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
202-223-0833 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2006, copies of the foregoing Motion To Take Notice Of Certain Facts Regarding Excise Tax Refund Litigation And The Internal Revenue Service's Settlements Of Refund Claims were served on the parties to this case via. the Court's electronic case filing system.

s/ Stephen J. Rosen