IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1272 T

(Judge Susan G. Braden)

LINDA ROSENBERG,

Plaintiff

v.

UNITED STATES,

Defendant

MOTION TO STRIKE OR IN THE ALTERNATIVE FOR A STAY

On February 17, 2006, defendant, prior to answering the complaint in the above-captioned case, filed a motion to dismiss based on lack of subject matter jurisdiction. On March 21, 2006, plaintiff filed a document styled "Plaintiff's Memorandum Contra Defendant's Motion to Dismiss and Cross-Motion for Partial Summary Judgment as to Liability." Although the plaintiff's document was titled a "cross-motion" for partial summary judgment, defendant did not file a motion for summary judgment and there was nothing on which to cross-move. In addition, plaintiff did not file a separate Proposed Findings of Uncontroverted Fact, as required by RCFC 56(h)(1).

The arguments advanced in plaintiff's filing were primarily related to this Court's jurisdiction, the issue addressed by the defendant's motion, and not to the merits of the excise

tax. The deadline set by the Court for the defendant to reply to the plaintiff's filing was April 7, 2006. This was 17 days after the filing of the plaintiff's opposition, the time period for filing a reply to an opposition to a motion to dismiss. The Court did not treat plaintiff's filing as one under summary judgement procedures, as it did not use the 31 day period for the deadline for the filing of the defendant's response. These factors led the defendant to conclude that the plaintiff's filing was merely an opposition to the defendant's motion to dismiss and was not a motion for summary judgment.

On May 10, 2006, plaintiff's counsel telephoned defendant's counsel inquiring about an enlargement of time for the plaintiff to file a reply brief. In that conversation, plaintiff's counsel inquired whether the defendant's response, filed on April 27, 2006, was an opposition to the plaintiff's motion for summary judgment. Counsel for the plaintiff contended that its March 21, 2006, filing was indeed intended to be a motion for summary judgment. The defendant submits that to the extent that the plaintiff's March 21, 2006, filing could be considered in part to be a motion for summary judgment, the defendant submits that the Court should strike that motion because of plaintiff's failure to comply with the requirements of RCFC 56(h).

In the alternative, if the Court determines that the plaintiff's purported motion for summary judgment was properly presented, then, in that event, the defendant requests that all proceedings regarding that motion should be stayed for two reasons. First, this Court must resolve whether it has subject matter jurisdiction over the claims set forth in the complaint before it addresses the merits of those claims. "Subject matter jurisdiction is a 'threshold matter' that must be addressed before the court reaches the merits of plaintiff's claim." *Ullman v. United*

*States*, 64 Fed.Cl. 557, 558 (2005); *see also, Adair v. United States,* 70 Fed.Cl. 65, 67 (2006); *CW Government Travel, Inc. v. United States*, 63 Fed.Cl. 369, 380 (2004).

The requirement that jurisdiction be decided as a threshold matter was clearly established by the United States Supreme Court in its decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998). In *Steel* the Supreme Court reversed a decision of an appellate court which decided the merits of an action without first deciding whether the district court had jurisdiction over the cause of action.

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.

The Federal Circuit acknowledged that under *Steel* a court must first decide jurisdiction before deciding the merits of an action in *Nippon Steel Corporation v. United States*, 219 F.3d 1348, 1352-53 (Fed.Cir. 2000). The Federal Circuit held that only where "the jurisdictional issue and the merits are inextricably intertwined, and the former cannot be resolved without considering and deciding (at least in part) the later," can a court consider the merits of this case before deciding a pending motion to dismiss for lack of jurisdiction. 219 F.3d at 1353.

The defendant's motion to dismiss is based on the conceded fact that the plaintiff did not file a claim for refund as required by 26 U.S.C. § 7422. There is no need for the Court to determine whether § 4252 applied to long distance service for which the charge is based solely on the duration of the call in order to decide the jurisdictional issues raised in the defendant's

motion. Therefore, proceedings on any purported motion for summary judgment should be stayed until after this Court has decided the defendant's pending motion to dismiss based on a lack of jurisdiction.

A second reason for staying proceedings on any purported motion for summary judgment is that the issue addressed by the plaintiff's purported motion is currently before the Federal Circuit in connection with the appeals of *America Online Inc. v. United States*, Fed.Cir. No. 2005-5138 and *Honeywell International, Inc. v. United States*, Fed.Cir. No. 2005-5138. Those appeals were argued on April 4, 2006, and have been submitted for consideration. It is anticipated that the Federal Circuit will issue an opinion in those case within the next 60-90 days. That decision will dispose of the merits of the excise tax in issue and will be binding on this Court. The defendant submits that it is in the interest of justice and judicial economy for the Court to stay proceedings on any purported motion for summary judgment until after the Federal Circuit has rendered its decision in the *America Online* and *Honeywell* cases.

WHEREFORE, the defendant respectfully submits that this Court should strike any purported motion for summary judgment or in the alternative, stay proceedings on any such motion until after the Court has decided the defendant's pending motion to dismiss for lack of

jurisdiction and until after the Federal Circuit has issued its decision in *America Online* and *Honeywell*.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

May 12, 2006