# United States Court of Federal Claims

| | | |
|---|---|---|
| LINDA ROSENBERG, ET AL. | ) | CASE NO.: 05-1272-T |
| vs. | ) | JUDGE SUSAN G. BRADEN |
| UNITED STATES OF AMERICA | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A STAY

On May 12, 2006, the Defendant filed a Motion to Strike, or in the Alternative, for a Stay in this class action related to the purported Federal Excise Tax.

**Defendant's Motion to Strike Should Be Denied.**

The sole basis for Defendant's Motion to Strike Plaintiff's Cross-Motion for a Partial Summary Judgment as to liability filed in connection with Plaintiff's Memorandum Contra to Defendant's Motion to Dismiss on March 21, 2006, is that Plaintiff failed to comply with Rule 56(h)(1) of the Court of Federal Claims which requires "a separate document titled Proposed Findings of Uncontroverted Fact." This innovative approach was necessitated by the fact that the Defendant realized well after its deadline for responding to the motion had passed that it had not adequately responded to the motion and the statement of undisputed facts contained therein. In truth, Plaintiff has submitted a detailed statement of undisputed facts as is contemplated by the rules, separately identified by headings, that extends from pages 5 to 12 of Plaintiff's Memorandum Contra Defendant's Motion to Dismiss and Cross-Motion for a Partial Summary Judgment as to liability.[1/]

---

[1/] Rule 56(h)(1) provides in the pertinent part: "... this document shall contain concise, separately numbered paragraphs setting forth all of the material facts upon which the party basis its motion and as to which the party believes there is no genuine dispute."

The Defendant apparently glossed over that entire section of the brief focusing instead on the fact that the deadline "set by the Court" for its reply was pursuant to a motion to dismiss calendar as opposed to a motion for summary judgment calendar. Thus, in filing its response, which notably was not filed until April 27, 2006 (some 30+ days after the motion for summary judgment), the Defendant chose to leave Plaintiff's statement of undisputed facts unrefuted therefore not complying with Rule 56(h) itself. Rule 56(h)(2) requires that

> "...the opposing party shall file, together with its opposition, a response to the request of findings by indicating, immediately below each finding, whether it agrees or disagrees with the finding as stated. If the opposing party does not agree with the proposed finding, it shall note the basis for its objection and may draft a proposed revision of the finding directly below the challenge finding. The opposing party may also file proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party's statement. Such additional statements of proposed findings shall be set forth with the proposed findings applicable to any cross-motion, but in the absence of a cross-motion shall be set forth in a separate document ..."

The Defendant did not file anything that agreed or disagreed with the plaintiff's proposed findings. Nor did it file any statement of relevant matters not covered by plaintiff's statement. As such, Plaintiff's statement of undisputed facts in connection with its motion for summary judgment remain undisputed.[2/]

Notwithstanding the Defendant's failure to controvert any of the undisputed facts as set forth by the Plaintiff, the Defendant did take an opportunity to respond to all of the cases upon which

---

[2/] It is noteworthy that Rule 56(h)(3) even dispenses with the initial moving party's requirement to comply with Rule 56(h)(1) if the parties file a "comprehensive stipulation of all of the material facts upon which they intend to rely." Such clearly indicates that the defendant's form over substance argument should not prevail.

Plaintiff principally relies in support of its motion for summary judgment. For example, the Defendant cited and discussed ten cases which the Plaintiffs only cited and discussed in connection with its motion for summary judgment. Those cases are *Allegheny Gen. Hosp. v. NLRB,* 608 F.2d 965, 970 (3d Cir. 1979); *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369 (Fed. Cir. 2000); *Holden v. Heckler*, 584 F. Supp. 463 (N.D. Ohio 1984); *Lopez v. Heckler*, 572 F. Supp. 26 (C.D. Cal. 1983); *Lopez v. Heckler*, 572 F. Supp. 26, 29 (C.D. Cal. 1983), aff'd in part, 724 F.2d 1489 (9th Cir.); *Mayburg v. Heckler*, 574 F. Supp. 922 (D.Mass. 1983); *Polaski v. Heckler*, 588 F. Supp. 1004 (D. Minn. 1984); *Rivera v. Heckler*, 568 F. Supp. 235 (D.N.J. 1983); *Stacey Mfg. Co. v. Commissioner*, 237 F.2d 605, 606 (6th Cir. 1956); *Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1348 (Fed. Cir. 2005). Having argued the significance of those cases in connection with its reply brief reveals that the Defendant has in fact responded to the motion for summary judgment and will not be prejudiced by a decision on the same even at this time.

**The Defendant's Motion to Stay Should Be Denied.**

The Defendant makes two arguments in support of its motion to stay: (1) that the Court's subject matter jurisdiction ought to proceed first, and (2) that pending appeals "will dispose of the merits of the excise tax in issue and will be binding on this Court." As to the first point, Plaintiffs do not disagree. In response to Defendant's motion to dismiss Plaintiff has set forth in great detail how this Court does in fact have jurisdiction when the IRS, without any congressional authority whatsoever, continues to impose a purported tax when every Court who has examined the IRS's position on the "tax" has concluded that the tax is not valid. *See* Plaintiff's Memorandum Contra-Defendant's Motion to Dismiss at pp. 14-20.

Moreover, Defendant's argument that the instant suit should been preceded by a refund request pursuant to 26 U.S.C. § 7422 deserves additional comment. 26 U.S.C. §7422 provides in the pertinent part that "no suit . . . can be maintained in any court for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund has been duly filed. . ." A close analysis of this statute reveals that there are two requisites for a refund request to be necessary. First, the tax at issue must be an "Internal Revenue tax."[3/] Second, said tax must have been erroneously or illegally assessed or erroneously or illegally collected. Here, at a minimum, it is clear that the plaintiff's claim is related to the wrongful imposition of a purported tax and is not related to an assessment or collection of a valid tax, matters that do require refund requests. Even the IRS has recognized that the issue surrounding this tax does not relate to its collection or assessment but relates to its imposition. In Notice 2005-79, the IRS notes that the "government's recent loss in American Banker's Inc Group v. United States, 408 F.3d 1328 (11 Cir. 2005). . . has caused some to question the continued applicability of the communications excise tax imposed by §4251 of the Internal Review Code." (Emphasis added.) In fact just this week, The United States Treasury announced that it will eliminate the federal excise tax and refund amounts paid within the last three years acknowledging at long last that the tax is invalid. Secretary Snow himself offered these poignant comments about the need for eliminating the tax "Today is a good day for American taxpayers; it marks the beginning of the end of an outdated, antiquated tax that has survived a century beyond its original purpose, and by now should have been ancient history....The Federal Appeals courts have spoken across the board. It's time to `disconnect' this tax and put it on the

---

[3/] Implicit in this requirement is that the tax is a legitimate Congressionally authorized tax which this tax clearly is not.

permanent `do not call' list."

The purpose of a refund request in issues regarding illegal or erroneous assessments or collections is evident. The same legitimate purpose is not served in the instance where there is a wrongful imposition of a tax.

The Sixth circuit's *Kales* decision is useful to consider on this subject. *Kales v. U.S.*, 115 F. 2d 497 (6th Cir. 1940). In *Kales*, a taxpayer had filed suit for an overpayment of taxes without having filed a traditional refund claim. In considering the issue of notice, the court artfully set forth the reason for the required refund request:

> In the administration of Internal Revenue Laws, we are concerned with substance and not form. The prerequisite refunding statutes requiring claim for refund before suit, should receive a practical construction to effectuate their purpose. The income tax law is complex and does no always permit a determination of the taxpayer's liability in the first instance. Inevitable mistakes occur. Statutory provision is made for the adjustment of the tax where understated by the taxpayer and as a corollary a statutory method is provided to relieve a taxpayer from overstatements. It is vital to the functions of government that taxes by collected promptly and if errors in returns are made that they be expeditiously corrected. To this end the statute requires the taxpayer to make a timely charge of overpayment with grounds therefor, that the government may make investigation and refund the amount due, if any, without being subjected to the dely and expense of litigation and any timely claim showing intention to ask a refund of taxes allegedly overpaid and the grounds therefor is sufficient to answer that purpose.
>
> In considering the sufficiency of the claim, proper consideration should be given to its spirit and purpose and the surrounding facts and circumstances in light of the statute. (Emphasis added.) *Id.* at p. 500-501

Here, there is no issue about an error by the IRS and a resulting overpayment or underpayment or the amount of either. Likewise, the claim asserted is not that the tax was

erroneously or illegally assessed or collected.[4/] The issue presented concerns the IRS' wrongful imposition of the tax. As such there is no reason for the government to make an investigation to determine how much is owed or not owed. All individuals who have paid the tax have paid too much because there is no basis in law for the tax. Thus, the "spirit and purpose" of the refund request are simply not served.

Other cases construing 26 U.S.C. § 7422 reveal that its application should be limited to disputes over amounts of validly imposed taxes. See *Jackman v. D'Agostino*, 669 F. Supp. 43 (D. Conn.1987) ("The plaintiff's proper and exclusive remedy is to file a claim with the Internal Revenue Service seeking a refund of any overpayment of tax to which he is legally entitled. . . the Internal Revenue Code provides a comprehensive mechanism for obtaining a refund of overpaid taxes.") (Emphasis added). Moreover, refund requests are appropriate for valid taxes only. See *Martin v. Commissioner of Internal Revenue*, 584 F. Supp. 977 (N.D. Ohio 1984) a case in which the plaintiff attempted to challenge the amount of a valid tax owed. ("Our constitution allows Congress to lay and collect taxes. If a taxpayer questions the amount of the taxes assessed, our tax system allows the taxpayer to choose between one of three forums to challenge the assessment. They are as follows: 1) United States District Court, 2) United States Claims Court, 3) United States Tax Court . . . In the present case, Plaintiff has failed to follow the correct procedure, established by Congress . . .")[5/]

The Defendant's second point in favor of staying this action, that the Federal Circuit's

---

[4/] An assessment as that term is used by the IRS relates to the amount of the tax the IRS has determined is owed. See *Abadi v. U.S.*, 782 F. Supp. (E.D. Mich. 1992).

[5/] *See also, Heisler v. U.S.,* 463 F.2d 375, 375 (C.A. 1972) (class challenged a legitimate tax arguing that a deduction hould have been afforded to them so refund request was appropriate); *Sutherland v. Egger,* 605 F.Supp. 28, 30 -31 (D.C. Pa. 1984) (civil action for recovery of tax erroneously collected that challenged the method in which legitimate taxes were assessed required refund request).

decision in the *AOL* and *Honeywell* matters "will dispose of the merits of the excise tax in issue" is now essentially moot giving the Secretary of the Treasury's long overdue elimination of the tax.

Notwithstanding that elimination this class continues to have rights that are presented by this case. The claims of the class extend over a six year period, three years longer than the period of promised refunds by the Government. In addition, the refund process is uncertain but what is known is that the onus will be on the taxpayers to establish their entitlement to a refund or to seek the same on their income tax return rather than having the Government simply return what even the Treasury Department now admits was never rightfully imposed over the class period. The Defendant has argued that this Court has no subject matter jurisdiction because no refund has been sought. Plaintiff has argued that no such refund request requirement is applicable. This issue will not be resolved by any other case or even the actions of the Treasury. This is the first filed class action on behalf of millions of taxpayers who have been wrongfully forced to pay a tax that has had no basis in law for the entire class period. This case should be decided now.

Dated: May 25, 2006

/s/ R. Gaylor Smith

R. Gaylord Smith (CA Bar #72726)
Lewis Brisbois Bisgaard & Smith
550 West C Street, 8th Floor
San Diego, CA 92101
Phone: (619) 233-1006
Fax: (619) 233-8627
E-mail: smith@lbbslaw.com

Mark Griffin (OH Bar #0064141)
Law Offices of Mark Griffin
175 Honeybelle Oval
Orange, Ohio 44022
Phone : (216) 346-7376
Fax : (216) 861-6679
E-mail : telecomlaw@hotmail.com

Randy J. Hart (OH Bar #0046793)
200 Public Square
Suite 3300
Cleveland, Ohio 44113
Phone: (216) 978-9150
Fax: (216) 241-2824
E-mail: csuosu@msn.com

Richard F. Scruggs (MS Bar # 6582)
Sidney A. Backstrom (MS Bar # 99890)
Scruggs Law Firm, P.A.
P.O. Box 1136
120A Courthouse Square
Oxford, MS 38655
Tel: (662) 281 1212
Fax: (662) 281 1312
Email: dickscruggs@scruggsfirm.com
Email: sbackstrom@scruggsfirm.com

R. Eric Kennedy, Esq. (OH Bar #0006174)
Daniel P. Goetz, Esq. (OH Bar #0065549)
Weisman, Kennedy & Berris Co., L.P.A
1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
Tel: (216) 781-1111
Fax: (216) 781-6747
Email: ekennedy@weismanlaw.com
Email: dgoetz@weismanlaw.com