IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1272 T

(Judge Susan G. Braden)

LINDA ROSENBERG,

Plaintiff

v.

UNITED STATES,

Defendant

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR ENLARGEMENT

Plaintiff brought this suit to obtain a refund of federal excise taxes on its own behalf and on behalf of a purported class of others it is asking this Court to certify. The United States, however, contends that plaintiff has not properly invoked this Court's subject matter jurisdiction to consider any of its claims, because she has not first filed a refund claim with the Internal Revenue Service. We filed a motion to dismiss which has been fully briefed and is pending before the Court.

Accordingly, defendant also moved to enlarge the time for it to respond to plaintiff's motion to certify the case as a class action pursuant to RCFC 23 until 15 days after the Court rules on defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. The

plaintiff opposes this motion and argues that the Court should promptly decide the question of class certification. As explained in this reply, plaintiff is mistaken that, when subject matter jurisdiction is in question, the Court must also decide whether the action, if it is allowed to proceed, may proceed as a class action.

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998), the Supreme Court held that jurisdiction must be decided before deciding other issues. *Accord, Ullman v. United States*, 64 Fed.Cl. 557, 558 (2005); *see also*, *Adair v. United States*, 70 Fed.Cl. 65, 67 (2006); *CW Government Travel, Inc. v. United States*, 63 Fed.Cl. 369, 380 (2004). Moreover, two recent court of appeals' decisions confirm that a trial court should first resolve the Court's jurisdiction before considering whether to certify a class action. The Ninth Circuit vacated a district court order certifying a case as a class action before a determination was made as to the court's jurisdiction in *Lierboe v. State Farm Mutual Insurance Company*, 350 F.3d 1018, 1022 (9th Cir. 2003). Likewise, in *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merc-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) the Second Circuit vacated a decision of the district court certifying a case as a class action and remanded the case to the district court for a determination of whether the court had jurisdiction. The appellate court in that case expressly held that the threshold question of jurisdiction must be decided before a court can determine whether the case can be certified as a class action. (350 F.3d at 203)

> An examination of the Record before us reveals that factual and legal issues bearing on the Article III standing of the Plaintiffs remain unresolved in the District Court. Jurisdictional questions of the sort presented here should be addressed in the first instance by the District Court. Until the jurisdictional question is decided, we cannot address the other issues presented in this appeal: whether the motion for intervention should have been granted; whether the class

> was properly certified; whether objections to the Settlement Agreement were meritorious; and whether the award of attorneys fees was fair and reasonable. We will defer ruling on these matters until the District Court decides the jurisdictional question in the first instance.

*See also*, *Difelice v. US Airways, Inc.*, 235 F.R.D. 70, 77 (E.D. Va. 2006).

Plaintiff's reliance on *Rutan v. Republican Party of Illinois*, 868 F.2d 943, 947 (7th Cir. 1989) (*in banc*), reversed on other grounds, 497 U.S. 62 (1990), is misplaced. *Rutan*, unlike this case and *Steel Co.*, did not involve subject matter jurisdiction, but whether the plaintiff failed to state a claim. Thus, while the Seventh Circuit has decided that class action status may be decided without regard to the virtues of the plaintiff's legal theory, it did not address the question here: whether subject matter jurisdiction must be decided before anything else, including class certification. As indicated above, that issue has been addressed in cases decided since *Rutan*. The Supreme Court and appellate authority is clear and confirms that this Court has jurisdiction to consider its jurisdiction, but nothing else until it does so. While class status should be determined under Rule 23 "as soon as practicable after the commencement of the action," it cannot be determined unless and until the Court's subject matter jurisdiction exists.

WHEREFORE, defendant respectfully submits that the Court should grant the defendant's motion and enlarge the date for the defendant to respond to the plaintiff's motion for class certification until 15 days after the Court has issued its decision on defendant's motion to dismiss.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

May 30, 2006