IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1272 T

(Judge Susan G. Braden)

LINDA ROSENBERG,

Plaintiffs

v.

UNITED STATES,

Defendant

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR ALTERNATIVELY FOR A STAY

The plaintiff does not respond to the defendant's contention that its document was not a properly filed motion for summary judgment and was not considered as such by the Clerk of Court. The plaintiff acknowledges on pages 1 and 2 of its reply brief that she did not comply with the express requirement of RCFC 56(h)(1) that "the moving or cross-moving party shall file, together with its motion, a separate document titled Proposed Findings of Uncontroverted Fact." (Emphasis added). Since the plaintiff does not dispute that she did not file a separate proposed findings of fact, any purported motion for summary judgment is in violation of the express requirements of RCFC 56(h)(1). In the event the Court determines that the plaintiff's filing is to be considered a motion for summary judgment, then that filing should be stricken and

the plaintiff required to re-submit its motion with a separate document titled "Proposed Findings of Uncontroverted Fact."

The plaintiff, in response to the defendant's motion for a stay, argues that there is subject matter jurisdiction because Section 7422 does not apply in this case. (P. Reply at 4). Those arguments relate to the question of whether the Court should grant the defendant's motion to dismiss for lack of subject matter jurisdiction, not to the question of whether this Court can consider the merits of the case before deciding the jurisdictional issue.

The plaintiff does not address at all in its reply the jurisprudence cited by the defendant which clearly establishes that this Court's "jurisdiction must be addressed before the court reaches the merits of plaintiff's claim." *Ullman v. United States*, 64 Fed.Cl. 557, 558 (2005); *see also*, *Adair v. United States*, 70 Fed.Cl. 65, 67 (2006); *CW Government Travel, Inc. v. United States*, 63 Fed.Cl. 369, 380 (2004); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998); *Nippon Steel Corporation v. United States*, 219 F.3d 1348, 1352-53 (Fed. Cir. 2000); *Lierboe v. State Farm Mutual Insurance Company*, 350 F.3d 1018, 1022 (9th Cir. 2003); *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merc-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). Nor does the plaintiff refer to any authority to support its contention that this Court can decide the merits of the case before deciding whether it has subject matter jurisdiction over the claims set forth in the complaint.

In the event the plaintiff's filing is deemed by the Court to constitute a motion for summary judgment, and in the event the Court does not strike that motion for failure to comply with RCFC 56(h), then the Court should stay consideration of that motion until after it decides

the defendant's pending motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Acting Chief

s/Steven I. Frahm
Of Counsel

June 8, 2006



1755825.1